UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>753.95 ACRES OF LAND, et al.,<br><br>Defendants. | 3:08-CV-386 JCM (VPC)<br><br>Date:     N/A<br>Time:     N/A |

**ORDER**

Presently before the court is defendant Incline Lake Corporation's (hereinafter "ILC") motion for partial summary judgment concerning the hypothetical condition of the property pursuant to the land acquisition agreement. (Doc. #362). Plaintiff, the United States of America (hereinafter "United States"), filed an opposition to the motion. (Doc. #403). Defendant ILC filed a reply. (Doc. #415).

Also before the court is defendant ILC's motion for partial summary judgment regarding the number of legal parcels on the subject property. (Doc. #364). The United States filed an opposition to the motion. (Doc. #405). ILC filed a reply. (Doc. #413).

Also before the court is defendant ILC's motion for partial summary judgment concerning the definition of summer home. (Doc. #366). The United States filed an opposition to the motion. (Doc. #404). ILC filed a reply. (Doc. #414).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary

**James C. Mahan**
**U.S. District Judge**

1  judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to
2  summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to
3  interrogatories, or admissions on file, "specific facts showing that there is no genuine issue for trial."
4  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c).

5  The court in *Orr v. Bank of America* pointed out that:

6  > A trial court can only consider admissible evidence in ruling on a motion for
7  > summary judgment. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs.,*
8  > *Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988). Authentication is a "condition
9  > precedent" to admissibility, and this condition is satisfied by "evidence
10 > sufficient to support a finding that the matter in question is what its proponent
11 > claims." Fed. R. Civ. P. 901(a). We have repeatedly held that unauthenticated
12 > documents cannot be considered in a motion for summary judgment. *See*
13 > *Cristobol v. Siegel,* 26 F.3d 1488, 1494 (9th Cir. 1994); *Hal Roach Studios,*
14 > *Inc. v. Richard Feiner & Co. Inc.,* 896 F2d 1542, 1550–51 (9th Cir. 1987);
15 > *Beyene,* 854 F.2d at 1182; *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920,
16 > 925 (9th Cir. 1987); *Hamilton v. Keystone Tankship Corp.,* 539 F.2d 684, 686
17 > (9th Cir. 1976).

18 *Orr v. Bank of America, NT & SA,* 285 F.3d 764 (9th Cir. 2002).

19 Here, both parties have submitted an extensive list of exhibits along with their motions.
20 These exhibits contain evidence such as deposition transcripts, letters, emails, and agreements, which
21 are referred to by the parties throughout their motions. To date, the court has received only one
22 affidavit of authentication by the United States for the Tahoe Regulation Planning Agency's Permit.
23 (Doc. #417-1).

24 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant ILC's motion
25 for partial summary judgment concerning the hypothetical condition of the property pursuant to the
26 land acquisition agreement (doc. #362) be, and the same hereby is, DENIED.

27
28

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that defendant ILC's motion for partial summary judgment regarding the number of legal parcels on the subject property (doc. #364) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant ILC's motion for partial summary judgment concerning the definition of summer home (doc. #366) be, and the same hereby is, DENIED.

DATED this 23rd day of August, 2010.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -