UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 3:08-CV-386 JCM (VPC) |
|---|---|
| Plaintiff, | |
| v. | Date: N/A |
| | Time: N/A |
| 753.95 ACRES OF LAND, et al., | |
| Defendants. | |

**ORDER**

Presently before the court is plaintiff United States of America's motion in limine and memorandum to exclude the testimony of Incline Lake Corporation's appraisers. (Doc #363). Defendant Incline Lake Corporation (hereinafter "Incline Lake") filed an opposition to plaintiff's motion (doc. #374), and plaintiff filed a reply (doc. # 412).

This case stems from the condemnation of approximately 753 acres of property, most of which is located in the Lake Tahoe Basin. The parties entered into a Land Acquisition Agreement regarding the property, which provided that the property was to be appraised in accordance with the Uniform Appraisal Standards for Federal Land Acquisitions (hereinafter "Uniform Appraisal Standards"). Accordingly, the parties hired their own appraisal experts, which yielded differing conclusions regarding the property's value.

In the plaintiff's motion in limine, it asks the court to exclude the entire testimony of expert witnesses and real estate appraisers David Clark and Larry Stark (hereinafter "ILC Appraisers"). It alleges that their appraisal of the property at issue is premised on "fundamental methodological

**James C. Mahan**
**U.S. District Judge**

1 errors that render their conclusion of value inherently unreliable." Specifically, it alleges that ILC Appraisers failed to follow the appropriate guidelines set out in the Uniform Appraisal Standards, conducted no analysis of the zoning regulations, and failed to evaluate adequate comparable properties in the appraisal process.

However, defendant asserts in its motion, that not only did the ILC Appraisers comply with the Uniform Appraisal Standards and "devote 34 pages" to analyzing the zoning regulations, but that the exact same comparable properties they evaluated were used in appraisals of the subject property by the United States' appraisers prior to the commencement of this litigation. Further, they point out that the United States' motion is "not supported by any expert opinion that the methodology utilized by ILC's appraisers is improper."

The court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), held that under Federal Rules of Evidence 702, judges are assigned the "task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Further, the court held that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* See *Rock v. Arkansas,* 483 U.S. 44, 61, 107 S.Ct. 2704, 2714, 97 L.Ed2d 37 (1987).

Absent any clear evidence that ILC's appraisers are unreliable or that their findings are irrelevant, this court is not inclined to exclude expert testimony solely based on the inevitable conflicting findings of value by the parties' experts. The court reserves the ability to weigh the methods, conclusions, and expertise of the appraisal experts at the time of trial.

According,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion in limine and memorandum to exclude the testimony of Incline Lake Corporation's appraisers (doc. #363) be, and the same hereby is, DENIED.

DATED this 15th day of September, 2010.

*[signature]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -