# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>753.95 ACRES OF LAND, et al.,<br><br>Defendants. | 3:08-CV-386 JCM (VPC)<br><br>Date:    N/A<br>Time:    N/A |

### ORDER

Presently before the court is plaintiff United States of America's rule 71.1(h) motion for legal determination that defendant's highest and best use is illegal and speculative and therefore cannot form the basis of just compensation. (Doc. #361). Defendant Incline Lake Corporation (hereinafter "ILC") filed an opposition. (Doc. #376). United States filed a reply in support of its motion. (Doc. #411).

This case is a federal eminent domain proceeding governed by Federal Rule of Civil Procedure 71.1. *Kirby Forest Indus. Inc. v. United States,* 467 U.S. 1, 3-4 (1984). Pursuant to rule 71.1(h), "except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented." *United States v. Reynolds,* 397 U.S. 14, 19-20 (1970).

In the present motion (doc. #361), plaintiff United States asserts that under rule 71.1, the court should at this time make the legal determination that the highest and best use of the condemned property proposed by ILC's expert appraiser is an illegal and speculative use. In alleging this, plaintiff asserts that the burden of proof to establish just compensation is on the landowner, and that

**James C. Mahan**
**U.S. District Judge**

1 such compensation cannot be predicated on illegal or speculative use. *United States v. 4.0 Acres of Land,* 175 F.3d 1133, 1139-40 (9th Cir. 1999); *Scott Lumber Co. v. United States,* 390 F.2d 388, 394-95 (9th Cir. 1968); *Olsen v. United States,* 292 U.S. 246, 257 (1934).

However, as ILC stated in its opposition (doc. #376), the issue of the highest and best use involves "significant factual disputes" that this court is inclined to address at the trial of this case. Further, as the case is not a jury trial, a pre-trial determination of the propriety of the highest and best use determined by ILC's experts is not necessary to keep such testimony from a jury. *U.S. v. 33.92356 Acres of Land,* 585 F.3d 1, 8 (1st Cir. 2009) (describing screening of proffered highest and best use in terms of district court's "gatekeeping" function pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993)); *In re Salem,* 465 F.3d 767, 777 (7th Cir. 2006) (where the gatekeeper and factfinder are one and the same, "the court can hear the evidence and make its reliability determination during, rather than in advance, of trial.").

Therefore, as there are factual disputes regarding the determination of the property's highest and best use which would be most appropriately heard and decided upon by the factfinder, and due to the fact that a pre-screening would be superfluous, this court is inclined to deny the motion at this time. The parties may raise their arguments regarding the alleged illegal or speculative nature of the highest and best use at trial.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff United States of America's rule 71.1(h) motion for legal determination that defendant's highest and best use is illegal and speculative and therefore cannot form the basis of just compensation (doc. #361) be, and the same hereby is, DENIED without prejudice.

DATED this 16th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**