1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>753.95 ACRES OF LAND, et al.,<br><br>Defendants. | 3:08-CV-386 JCM (VPC)<br><br>Date:      N/A<br>Time:      N/A |

**ORDER**

Presently before the court is defendant Incline Lake Corporation's (hereinafter "ILC") motion to strike notices of authentication, or alternatively, for leave to file notice of authentication and for reconsideration of summary judgment motions. (Doc. #423). Plaintiff United States of America filed an opposition. (Doc. #429). ILC filed a reply in support of its motion. (Doc. #431). United States filed an affidavit declaration. (Doc. #434).

On August 23, 2010, the court entered an order denying ILC's motions for partial summary judgment (doc. #362, #364, and #366) for failure to properly authenticate pursuant to *Orr v. Bank of America, NT & SA,* 285 F.3d 764 (9th Cir. 2002). (Doc. #418). Subsequently, United States filed notice of supplemental authentication for exhibits (doc. #420) pertaining to its motion for legal determination under Federal Rule of Civil Procedure 71.1 (doc. #361) and its reply to the motion (doc. #411), and notice of authentication of exhibits (doc. #421) filed in connection with its motion in limine to exclude testimony (doc. #363) and its reply to the motion (doc. #412). In the present motion to strike these notices (doc. #423), ILC asserts that the authentications were filed late and

**James C. Mahan**
**U.S. District Judge**

1  should be stricken.

2      The Ninth Circuit has held that "[w]hile evidence must be authenticated before the court considers it, it does not have to be authenticated with the motion for which it is being used." *Prime Ins. Syndicate, Inc. v. Damaso,* 471 F. Supp. 2d 1087, 1093 (D. Nev. 2007) (*citing Hal Roach, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550-51 (9th Cir. 1989)). Therefore, since the notices of authentication were provided to the court *prior* to the court's ruling on the motions, the authentications were proper and timely.

    Further, since the court has denied the two motions in question (doc. #430 and #437), the present motion to strike the authentication is moot.

    Accordingly,

    IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Incline Lake Corporation's motion to strike notices of authentication, or alternatively, for leave to file notice of authentication and for reconsideration of summary judgment motions (doc. #423) be, and the same hereby is, DENIED as moot.

    DATED this 17th day of December, 2010.

                                */s/ James C. Mahan*
                                **UNITED STATES DISTRICT JUDGE**