DANIEL G. BOGDEN
United States Attorney
GREG ADDINGTON
Assistant United States Attorney
Bar No. 6875

MICHAEL J. KRAINAK
MICHAEL K. BAKER
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 561, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-4485
Fax: (202) 305-0398
Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>753.95 ACRES OF LAND, MORE OR LESS, IN WASHOE COUNTY, NEVADA and INCLINE LAKE CORPORATION, et al.<br>　　　　　Defendants. | Case No. 3:08-CV-00386-JCM-VPC<br><br>**STIPULATION OF SETTLEMENT** |

Plaintiff United States of America and all defendants to this action, each by and through its/his/her counsel of record, except for James McBride, pro se, who also joins herein, respectfully submit this Stipulation reflecting a settlement agreement as to the just compensation to be paid for the subject property. This Stipulation fully resolves the above-titled action. The parties request an order of final judgment in accord with the following stipulations:

　　　1.　　　This stipulation concerns approximately 754 acres of real property located in Washoe County, Nevada, as more particularly described in the Declaration of Taking filed herein

1

(the "Property"). The leased fee of the Property was formerly owned by Incline Lake Corporation ("ILC").

2. ILC acquired the Property in 1939. While ILC owned the Property, ILC issued a series of 99-year restricted leases in portions of the Property to various ILC shareholders. The former owners of 32 of these leasehold interests (the "Leasehold Interests") are individual defendants in this action and will be collectively referred to herein as the "Former Leaseholders".

3. Beginning in 2005, ILC entered into discussions with the United States about the possibility of selling the Property to the United States Forest Service.

4. According to the defendants, in July and August of 2008, all Former Leaseholders except the MacLean Trust and Hawley MacLean negotiated with ILC for the value of their Leasehold Interests and as a result of such negotiations entered into a Deposit Distribution and Leasehold Assignment Agreement ("Deposit Distribution Agreement") with ILC. Pursuant to these agreements, the Former Leaseholders assigned their Leasehold Interest(s) to ILC and negotiated a value and compensation that each would receive for their Leasehold Interests upon payment from the United States Forest Service for the Property.

5. According to the defendants, in addition to the Deposit Distribution Agreements, on August 3, 2007, ILC entered into a Settlement, Release and Purchase Agreement with the MacLean Trust. ("MacLean Settlement Agreement"). According to the defendants, on August 14, 2009, Hawley MacLean entered into a Consent to Distribution ("Consent to Distribution") with ILC.

6. According to the defendants, pursuant to the Deposit Distribution Agreements, the MacLean Settlement Agreement, and the Consent to Distribution, ILC and the Former Leaseholders negotiated and agreed that in the event the Property was sold, each Leasehold

Interest would be valued the same as all other Leasehold Interests, and that each Former Leaseholder would be entitled to an initial payment of $1 million per Leasehold Interest from the Deposit (hereinafter defined), with each Former Leaseholder to share equally in any additional payments made by the United States for the full value of the Property.

7. ILC was unable to agree with the United States on a purchase price for the Property. Accordingly, ILC and the United States agreed that the United States would acquire the Property, pursuant to the Southern Nevada Public Land Management Act of 1998 (112 Stat. 2343 et seq.), 7 U.S.C. § 428a (the "Act") and 40 U.S.C. §§ 3113-3114.

8. The United States agreed to purchase, and defendant ILC agreed to sell, and to bind all the other defendants hereto to sell, the Property pursuant to the terms and conditions of that certain Land Acquisition Agreement, dated May 16, 2008 (the "Agreement").

9. The United States is authorized to acquire the subject property, with the consent of the owner, pursuant to the Southern Nevada Public Land Management Act of 1998 (112 Stat. 2343 et seq.), 7 U.S.C. § 428a (the "Act") and 40 U.S.C. §§ 3113-3114. As provided by the Agreement, and in accordance with § 5(c) of the Act, ILC and the United States agreed to the commencement of the instant action as the means to transfer the Property and to determine its fair market value. Agreement at ¶ III A-C.

10. On July 14, 2008, the United States initiated the instant condemnation action in the United States District Court for the District of Nevada, captioned as United States of America v. 735.95 Acres of Land, et al., Case No. 3:08-vc-00386-JCM-VPC (the "Condemnation Action").

11. When the United States initiated the Condemnation Action, it filed a Declaration of Taking and subsequently on July 29, 2008, deposited $46 million into the Registry of the

3

Court, as provided in the Agreement ("the Deposit").  Upon the making of the Deposit into the Registry of the Court, title to the Property, as set forth in the Declaration of Taking, vested in the United States.

12. On August 11, 2008, ILC filed in the Condemnation Action a Motion for Forthwith Disbursement of Deposit ("Motion to Disburse" – Doc. No. 42).  As represented in its Motion to Disburse, ILC sought disbursement of the Deposit to it so that ILC could make further disbursements to the other defendants in the amount of $1,000,000 for each of their former leasehold interests in the Property. According to ILC, this disbursement was in accord with agreements by and among ILC and other defendants to this action. The Motion to Disburse also provided that ILC would set aside $1,000,000 in escrow to pay for performance of certain of ILC's obligations under the Agreement.  The United States filed a Response In Support of Defendant Incline Lake's Motion For Disbursement of Deposit (Doc. No. 67).  Said Response was filed in accordance with the Agreement, which provides that the United States will not contest or oppose any distribution or disbursement of the Deposit.  Doc. No. 67 at ¶ 9.  On September 9, 2008, the court in this action granted the Motion to Disburse (the "Disbursement Order" – Doc. No. 75).  In the Disbursement Order, the Court ordered disbursement of the entire deposit to ILC, subject to the obligations to make the additional disbursements of the Deposit to other defendants as spelled out in the Motion to Disburse.  According to the defendants, the Deposit was initially disbursed to ILC subject to ILC's contractual obligations to further disburse to the Former Leaseholders $32 million of the Deposit for the Leasehold Interests.  According to the defendants, ILC has disbursed to the Former Leaseholders $32 million of the Deposit.

13. ILC and the Former Leaseholders contend that the fair market value of the Property on July 29, 2008 was more than the amount of the Deposit, and therefore they are

4

entitled to additional just compensation for their property interests that were acquired by the United States. The United States contends that the fair market value of the Property on July 29, 2008 was less than the amount of the Deposit, and therefore it is entitled to return of any overpayment. It is the intention of all parties to fully resolve the dispute regarding just compensation by this Stipulation.

14. In order to settle the Condemnation Action, the parties agree that $43,500,000, inclusive of interest, represents the full just compensation payable by the United States for its acquisition of the Property pursuant to the Agreement.

15. Defendants have negotiated among themselves the appropriate distribution of $43,500,000 as payment for their various former interests in the Property as follows: (a) $1,000,000 to each Former Leaseholder for each former leasehold interest in the Property formerly owned by such defendant; and (b) the remainder to ILC.

16. The $46,000,000 deposit represents an overpayment of $2,500,000 for the Property. Within five days after the entry of judgment in this case, $2,500,000 shall be returned by ILC to the Registry of the Court in restitution to the United States of the overpayment. The parties hereto agree to entry of final judgment disbursing said sum immediately to the United States.

17. The parties shall be responsible for their own legal fees, costs and expenses (including attorneys' fees, consultants' fees, appraisers' fees, and any other expenses).

18. The parties consent to the entry of all orders and judgments necessary to effectuate this Stipulation of Settlement and to bear their own costs and attorneys' fees.

19. Defendants warrant to their knowledge that they were the sole owners of the Property at the date of the acquisition, and that they have the exclusive right to just compensation

herein, and that no other party is entitled to the compensation or any part thereof by reason of any recorded or unrecorded agreement executed by the defendants.

20.     The U.S. Forest Service will cause a trail on the subject property to be named in memory of Norman H. Biltz.

21.     The U.S. Forest Service will engage in a public process in accordance with the National Environmental Policy Act of 1969 (42 U.S.C. § 4321(note)), and its implementing regulations at 40 CFR § 1500, regarding the disposition of the existing dam and former reservoir on the Property.

22.     Upon restitution to the United States of the $2,500,000 overpayment, the United States releases the defendants and the defendants release the United States from any and all claims relating to the payment of just compensation to the defendants for the United States' acquisition of the Property. The Joint Stipulation Concerning Remediation of Hazardous Materials and Completion of Post DT Work filed herein (Doc. No. 294) remains in full force and effect.

23.     The parties hereto will take no appeal from any ruling or judgments made by the Court in this action.

24.     Undersigned counsel for the United States of America files this Stipulation on behalf of all parties with consent of defendants and their counsel. All parties agree that this Stipulation may be executed in counterparts.

WHEREFORE, the parties request that the Court enter the attached proposed Final Judgment Approving Stipulation of Settlement.

6

|   |   |   |
|---|---|---|
| 1 | Respectfully submitted, | DANIEL G. BOGDEN |
| 2 |   | United States Attorney |

                                                    GREG ADDINGTON
Assistant United States Attorney
Bar No. 6875

Date:   December 14, 2011        /s/Michael J. Krainak
                                             MICHAEL J. KRAINAK
                                             MICHAEL K. BAKER
                                             United States Department of Justice
                                             Environment & Natural Resources Div.
                                             P.O. Box 561, Ben Franklin Station
                                             Washington, DC 20044

Date:   December 14, 2011        /s/ Todd Miller
                                             J. STEPHEN PEEK
                                             TODD MILLER
                                             Holland and Hart, LLP
                                             5441 Kietzke Lane, 2nd Floor
                                             Reno, NV 89511

                                             Attorneys for Incline Lake Corporation

Date:   December 14, 2011        /s/ James McBride (By Michael Krainak)
                                             JAMES MCBRIDE
                                             PO Box 190
                                             Glen Ellen, CA 95442

                                             Pro Se Defendant

Date:   December 14, 2011        /s/ Mark H, Gunderson
                                             MARK H. GUNDERSON
                                             CATHERINE REICHENBERG
                                             Gunderson Law Firm
                                             3895 Warren Way
                                             Reno, NV  89509

                                             Attorneys for all other defendants

Here:
## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served in accordance with Fed. R. Civ. P. 71.1 on all counsel of record or pro se parties identified below by United States Mail unless otherwise specified on December 15, 2011.

/s/ Michael J. Krainak

Incline Lake Corporation
c/o J. Stephen Peek
Holland and Hart, LLP
5441 Kietzke Lane, 2nd Floor
Reno, NV 89511
Automatically served via cmecf

James McBride
PO Box 190
Glen Ellen, CA 95442

MacLean Marital Trust u/t/d
October 5, 1981
and all other defendants not listed above
c/o Mark H. Gunderson
Gunderson Law Firm
3895 Warren Way
Reno, Nevada 89509
Automatically served via cmecf

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>753.95 ACRES OF LAND, MORE OR LESS, IN WASHOE COUNTY, NEVADA and INCLINE LAKE CORPORATION, et al.<br>Defendants. | Case No. 3:08-CV-00386-JCM-VPC<br><br>**FINAL JUDGMENT APPROVING STIPULATION OF SETTLEMENT** |

Upon consideration of the Stipulation of Settlement executed by the United States of America and all defendants herein, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The United States is authorized to acquire the subject property, with the consent of the owner, pursuant to the Southern Nevada Public Land Management Act of 1998 (112 Stat. 2343 et seq.), 7 U.S.C. § 428a (the "SNPLMA") and 40 U.S.C. §§ 3113-3114.

2. The United States agreed to purchase, and defendant Incline Lake Corporation ("ILC") agreed to sell, and to bind all other defendants to this action to sell, the subject property pursuant to the terms and conditions of that certain Land Acquisition Agreement, dated May 16, 2008 (the "Agreement").

3. As provided by the Agreement, and in accordance with § 5(c) of SNPLMA, the parties agreed to the commencement of the instant action as the means to transfer the subject property and to determine its value. Agreement at ¶ III A-C.

4. Following commencement of this action, on July 29, 2008, the United States deposited the amount of $46,000,000 into the Registry of this Court, as provided by the Agreement. Agreement at ¶ IV C. At that time, title to the subject property, to the extent set forth in the Declaration of Taking filed in this case, vested in the United States.

1

5.  On September 9, 2008, the Court ordered disbursement of the entire deposit to ILC, subject to the obligations to make the additional disbursements from the Deposit to other Defendants as spelled out in the Motion for Forthwith Disbursement of Deposit filed by ILC (Doc. No. 42).

6.  The parties have agreed that $43,500,000, inclusive of interest, represents the full just compensation payable by the United States for its acquisition of the subject property pursuant to the Agreement.

7.  The said sum of $43,500,000 is the final and just compensation for the subject property and in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the Agreement and the institution and prosecution of this action.

8.  Defendants have negotiated among themselves the appropriate distribution of $43,500,000 as payment for their various former interests in the subject property as follows: (a) $1,000,000 to each defendant for each former leasehold interest in the Property owned by such defendant; and (b) the remainder to ILC.

9.  The $46,000,000 deposit represents an overpayment of $2,500,000 for the subject property. Within five days of the entry of this judgment, ILC shall return $2,500,000 to the Registry of the Court in restitution to the United States of the overpayment. Once deposited, said sum shall be immediately disbursed by check made payable to the United States Forest Service, as a refunded appropriation to be returned to the SNPLMA special account. Said check shall be made available by the Clerk to be picked-up in person by Asst. U. S. Attorney Greg Addington at the Clerk's Office in the Federal Courthouse in Reno, Nevada.

10. The parties shall be responsible for their own legal fees, costs and expenses (including attorneys' fees, consultants' fees, appraisers' fees, and any other expenses).

11.  Defendants have warranted that to their knowledge that they were the sole owners of the subject property at the date of the United States' acquisition, that they have the exclusive right to just compensation herein, and that no other party is entitled to the compensation or any part thereof by reason of any recorded or unrecorded agreement executed by the defendants.

12.  The United States Forest Service will cause a trail on the subject property to be named in memory of Norman H. Biltz.

13.   The United States Forest Service will engage in a public process in accordance with the National Environmental Policy Act of 1969 (42 U.S.C. § 4321(note)), and its implementing regulations at 40 CFR § 1500, regarding the disposition of the existing dam and former reservoir on the subject property.

14.  The parties hereto will take no appeal from any ruling or judgments made by the Court in this action.

15.   Following restitution to the United States and disbursement to the United States Forest Service as set forth in ¶ 9 above, this case is closed.

Date: December 15, 2011

_____
UNITED STATES DISTRICT COURT JUDGE